UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CAROL A. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:24-CV-505-KAC-DCP |
| | ) | |
| BUC-EE'S TENNESSEE, II, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on the Parties' "Joint Motion to Stay Pending Arbitration" [Doc. 26], in which they request an order (1) "staying the present matter until" the Parties voluntarily arbitrate "the disputes between Cooper and Buc-ee's" and (2) "den[ying] as moot without prejudice" "all pending [m]otions" [*See id.* at 2, 3]. Plaintiff asserts various claims against Defendant as a former employee of Defendant [*See id.* at 1-2]. But "[e]arlier this month," Plaintiff indicated that she "would agree to pursue arbitration in Tennessee, and that [she] voluntarily chooses to proceed with arbitration in this" action [*See id.* at 2]. The Parties state that (1) Defendant could not compel Plaintiff to arbitrate her claims; (2) despite Plaintiff's claims not normally being amenable to arbitration, the Parties agree that this action should proceed to arbitration; (3) the arbitration shall proceed "under the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures;" and (4) the Parties "have selected an arbitrator to arbitrate the case in Knoxville, Tennessee" [*See id.* at 2-3].

Because the Parties voluntarily agree to arbitrate this dispute, the Court **GRANTS** the "Joint Motion to Stay Pending Arbitration" without opposition [Doc. 26]. *See* E.D. Tenn. L.R. 7.2. The Court **STAYS** this action pending the conclusion of arbitration. All hearings and

deadlines are **STAYED**. Within fourteen (14) days of the conclusion of arbitration, the Parties **SHALL NOTIFY** the Court of the outcome of the proceedings. Additionally, the Parties **SHALL** file a status report within **six (6) months** of the entry of this Order and at **three-month intervals** thereafter until the arbitration proceedings conclude. **Failure to timely file the required reports will result in the dismissal of this action under Rule 41(b) for failure to comply with a Court Order.** *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court").

Further, because the Parties agree as a condition of their agreement to arbitrate that "all pending [m]otions shall be denied as moot and without prejudice," [*see* Doc. 26 at 3], the Court denies all pending motions as moot without prejudice to refile, [*see* Docs. 11, 13]. Specifically, the Court **DENIES** Defendant's "Motion to Dismiss" [Doc. 11] and "Motion to Strike Plaintiff's Jury Demand" [Doc. 13] as moot without prejudice. The Court **DIRECTS** the Clerk to administratively close this case.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2

Case 3:24-cv-00505-KAC-DCP   Document 27   Filed 04/02/25   Page 2 of 2   PageID #: 408